## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| SARA DEVARAJ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:23-cv-1574-PX |
| PERCY PUBLIC AFFAIRS, | * | |
| Defendant. | * | |

****** 

### <u>MEMORANDUM OPINION</u>

Pending before the Court is Plaintiff Sara Devaraj ("Devaraj")'s motion for entry of default judgement. ECF No. 9. Defendant Percy Public Affairs ("Percy") has not responded to this motion, and the time for doing so has passed. *See* Loc. R. 105.2.a. The matter has been briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court grants default judgment as to liability but will award no damages.

### I.    Background

The Court accepts as true the well-pleaded factual allegations in the Complaint.[1] Percy hired Devaraj as a full-time legislative assistant in August of 2020. ECF No. 1 ¶ 4; *see also* ECF No. 9-2 at 1. Pursuant to Devaraj's signed offer letter, Percy agreed to pay Devaraj an annual salary of $41,600, paid bi-weekly. *See* ECF No. 1 ¶¶ 4–5; ECF No. 9-2 at 1. After deductions, Devaraj was paid $1,232 every two-weeks. *See* ECF No. 1 ¶ 9.

---

[1] "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation and internal quotation marks omitted).

At times, Percy did not pay Devaraj.  *Id.* ¶¶ 7–9.  She received no pay for work she performed between June 21 and September 12, 2021; October 11 and 24, 2021; November 8 and 21, 2021; December 6, 2021 and January 16, 2022; and January 31 through February 27, 2022.  *Id.* ¶ 9.  Having not been paid, despite repeated requests, Devaraj left the company in February of 2022.  *Id.* ¶¶ 10–11.

In April of 2023, Devaraj filed wage and hour claims with the Maryland and U.S. Departments of Labor based on her non-payment.  *Id.* ¶¶ 14–15.  She next filed suit in this Court on June 9, 2023, against Percy for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law (the "MWHL"), Md. Code Ann., Labor & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law (the "MWPCL"), Md. Code Ann., Labor & Empl. Art., §§ 3-501, *et seq.*  *Id.* ¶¶ 16–32.

Devaraj properly served Percy, ECF No. 7, but Percy never answered or otherwise responded to the Complaint.  Accordingly, on December 19, 2023, Devaraj moved for entry of default judgment against Percy.  ECF No. 9.  On January 8, 2024, the Clerk entered its notice of default pursuant to Federal Rule of Civil Procedure 55(a) and notified Percy by mail of the default.  ECF Nos. 10 & 11.  Again, Percy did not respond.  The motion is thus ripe and ready for resolution.

## II.    Standard of Review

Rule 55(a) provides that "[w]hen a party against whom a judgement for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision is left to the discretion of the court."  *Joe Hand Promotions, Inc. v. Luz, LLC*, No. DKC-

18-3501, 2020 WL 374463, at *1 (D. Md. Jan. 23, 2020); *see S.E.C. v. Lawbaugh*, 359 F. Supp.

2d 418, 421 (D. Md. 2005).  While the Fourth Circuit maintains a "strong policy that cases be

decided on the merits," default judgement may be appropriate where a party is wholly

unresponsive.  *Lawbaugh*, 359 F. Supp. 2d at 421 (internal quotation marks omitted) (quoting

*Dow v. Jones*, 232 F. Supp. 2d 491, 494–95 (D. Md. 2002) (citing *United States v. Shaffer Equip.

Co.*, 11 F.3d 450, 453 (4th Cir. 1993))).

        When considering a motion for default judgement, the Court accepts as true all well-

pleaded factual allegations, other than those pertaining to damages.  *Ryan*, 253 F.3d at 780 ("The

defendant, by his default, admits the plaintiff's well-pleaded allegations of fact … [but] [t]he

defendant is not held … to admit conclusions of law" (citation and internal quotation marks

omitted)); *Disney Enter., Inc. v. Delane*, 446 F. Supp. 2d 402, 406 (D. Md. 2006) ("Upon

default, the well-pled allegations in a complaint as to liability are taken as true, although the

allegations as to damages are not." (citations omitted)).  Courts in this district analyzing default

judgments apply the standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)

and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to determine whether the allegations are well-

pleaded.  *See, e.g., Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544–45 (D. Md.

2011); *Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012);

*United States v. Nazarian*, No. DKC-10-2962, 2011 WL 5149832, at *3–4 (D. Md. Oct. 27,

2011).  Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of

further factual enhancement," the allegations are not well-pleaded and, consistent with the

Court's discretion to grant default judgment, relief should be denied.  *Balt. Line Handling*, 771 F.

Supp. 2d at 544 (internal citations omitted) ("The record lacks any specific allegations of fact

that 'show' why those conclusions are warranted."); *see also Basba v. Xuejie*, No. PX-19-380,

2021 WL 242495, at *3 (D. Md. Jan. 25, 2021).  In this respect, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Balt. Line Handling*, 771 F. Supp. 2d at 540 (internal citation and quotation marks omitted).  Rather, the Court must decide whether the "well-pleaded allegations in [the plaintiff's] complaint support the relief sought." *Ryan*, 253 F.3d at 780.

If liability is established, the Court cannot rely solely on the Complaint to assess damages.  *See Lawbaugh*, 359 F. Supp. 2d at 422; *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009).  The Court may either conduct an evidentiary hearing or accept affidavits and other documentary evidence into the record to determine what damages, if any, are warranted.  *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (citations omitted).  Damages, in short, must be supported by preponderant evidence.  *See Turner v. Hum. Genome Sci., Inc.*, 292 F. Supp. 2d 738, 748 (D. Md. 2003).

## III.   Liability

### A.   FLSA and MWHL claims (Counts I and II)

Devaraj alleges that Percy violated the FLSA and the MWHL by failing to pay her the prevailing federal or Maryland minimum wage over several months.  *See* ECF No. 1 ¶¶ 16–25. The Court recognizes that legislative assistants like Devaraj may fall under the FLSA's exemption for administrative, executive, or professional employees depending on their pay and job duties.  *See* 29 U.S.C. § 213(a)(1).  That said, an employee's exempt status is an affirmative defense for which the employer bears the burden of proof.  *McLaughlin v. Murphy*, 436 F. Supp. 2d 732, 736 (D. Md. 2005), *aff'd*, 247 F. App'x 430 (4th Cir. 2007).  Percy has failed to participate at all in the litigation, so no such defense is properly before the Court, and the Court

4

will not *sua sponte* mount the affirmative defense on Percy's behalf.  *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 654–55 (4th Cir. 2006) (suggesting that district courts should not raise affirmative defenses *sua sponte* unless the affirmative defense "implicate[s] important institutional interests").  Accordingly, Devaraj is a covered employee entitled to the full protection of the wage and hour laws.

The FLSA and MWHL require employers to pay non-exempt employees a minimum wage for all hours worked.  29 U.S.C. § 206(a); Md. Code Ann., Lab. & Empl. § 3-413(b).  The MWHL "is the state's equivalent of the FLSA," *Watkins v. Brown*, 173 F. Supp. 2d 409, 416 (D. Md. 2001), and its pleading requirements "mirror those of the federal law," *Turner*, 292 F. Supp. 2d at 744.  For months at a time, Percy failed to pay Devaraj any wages at all.  *See* ECF No. 1 ¶¶ 18–19.  Because Percy failed to pay Devaraj anything for long stretches over multiple pay periods, default judgment is proper for failure to pay the minimum wage in violation of the FLSA and MWHL.

**B.      MWPCL claim (Count III)**

As for the MWPCL claim, an employee may sue for unpaid wages if two weeks "have elapsed from the date on which the employer is required to have paid the wages."  Md. Code Ann., Lab. & Empl. § 3-507.2(a); *see also Marshall v. Safeway*, 437 Md. 542, 561–62 (2014) (holding that the MWPCL generally provides an employee with a cause of action against an employer for both the failure to pay wages on time and for "the refusal of employers to pay wages lawfully due.").  However, unlike the MWHL, the MWPCL "does not focus on 'the amount of wages payable but rather the duty to pay whatever wages are due on a regular basis and to pay all that is due following termination of the employment.'"  *Gregori v. Mkt. St. Mgmt., LLC*, No. ELH-16-3853, 2018 WL 4679734, at *5 (D. Md. Sept. 28, 2018) (quoting *Friolo v.*

*Frankel*, 373 Md. 501, 513 (2003)).  Because Percy has failed to pay Devaraj over many months, and more than two weeks beyond the time she should have been paid, judgment is proper as to this claim too.  *See* ECF No. 1 ¶¶ 9, 29.  Thus, default judgment is granted as to liability on Devaraj's MWPCL claim.

## IV.    Damages

At the default judgment stage, the plaintiff must adduce sufficient evidence to demonstrate "the hours [she] claims to have worked and the work [she] claims to have performed for which [she] was not paid." *McLaughlin*, 436 F. Supp. 2d at 737.  To be sure, a plaintiff need not "prove each hour" of unpaid wages with "unerring accuracy or certainty." *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108 (4th Cir. 1988).  But she must submit some evidence beyond the complaint allegations.  *See* Fed. R. Civ. P. 54(c); *see also Lopez v. Lawns 'R' Us*, No. DKC 07-2979, 2008 WL 2227353, at *3–4 (D. Md. May 23, 2008), *report and recommendation adopted sub nom. Lopez v. Lawns "R" Us*, No. DKC 2007-2979, 2008 WL 11509751 (D. Md. June 26, 2008) (sworn declaration from employee estimating hours worked was sufficient evidence supporting damages).

Devaraj has not submitted anything reflecting the hours that she had actually worked.  *See* ECF No. 9 at 2–5.  The Court notified Deveraj of this deficiency and gave her additional time to supplement the record.  *See* ECF No. 12.  The Court received nothing more from her.  Without some record evidence supporting the hours worked for which Percy failed to pay her the minimum wage, the Court cannot award any damages.

## V.    Attorneys' Fees and Costs

Last, Devaraj requests reasonable attorneys' fees and costs for prosecuting this case and asks that she submit a fee petition upon order of the Court.  *See* ECF No. 9 at 5.  The FLSA

requires violators to pay attorneys' fees and costs, 29 U.S.C. § 216(b), as do the MWHL and MWPCL, Md. Code Ann., Lab. & Empl. §§ 3-427(a)(3), 3-427(d)(1)(iii); *see Lopez*, 2008 WL 2227353, at *7 ("Payment of costs to a prevailing plaintiff is mandatory under the FLSA, while the amount of costs charged to defendants is committed to the court's discretion.").

Accordingly, within 14 days from this Memorandum Opinion and accompanying Order, Devaraj may file her petition which must be properly supported and in conformity with the Court's Local Rules.  *See* Loc. R. 109.2.b; App'x B.

**VI.    Conclusion**

For the above reasons, Devaraj's default judgement is granted as to liability and denied as to damages.  Devaraj shall have 14 days to petition for reasonable attorneys' fees and costs.  A separate Order follows.

May 23, 2024                          _____/s/_____
        Date                                           Paula Xinis
                                                       United States District Judge